1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JORGE ROBLES JAUREGUI,

10              Plaintiff,                    No. CIV S-09-3329 DAD P

11        vs.

12   DR. JERRY W. WEINER, et al.,

13              Defendants.                   <u>ORDER</u>

14   _____/

15              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

16   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

17   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

18   302 and 28 U.S.C. § 636(b)(1).

19              Plaintiff has submitted an in forma pauperis application that makes the showing

20   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

21   pauperis.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

23   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $16.00 will be assessed by this

24   order.  <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

25   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

26   the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

1

1  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

3  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

4  full.  See 28 U.S.C. § 1915(b)(2).

5              The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

10  U.S.C. § 1915A(b)(1) & (2).

11              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18              Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

22  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

23  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

24  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

25  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

1   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

2   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3           Here, it appears that plaintiff is attempting to proceed on a claim that his Eighth

4   Amendment rights were violated when he was provided inadequate medical care.  Plaintiff has

5   named seven doctors as defendants in this action.  However, plaintiff has not provided any

6   allegations as to how each defendant allegedly failed to provide him with adequate medical care.

7   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

8   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

9   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

10  with at least some degree of particularity overt acts which defendants engaged in that support his

11  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

12  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

13  amended complaint.

14          Plaintiff is advised of the following legal standards for an Eighth Amendment

15  claim.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

16  prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v.

17  Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to

18  prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that

19  objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

20  acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v.

21  Seiter, 501 U.S. 294, 298-99 (1991).

22          Where a prisoner's Eighth Amendment claims arise in the context of medical

23  care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence

24  deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

25  Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need

26  and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050,

3

1  1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133

2  (9th Cir. 1997) (en banc).

3          A medical need is serious "if the failure to treat the prisoner's condition could

4  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

5  McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a

6  serious medical need include "the presence of a medical condition that significantly affects an

7  individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical

8  need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.

9  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

10         If a prisoner establishes the existence of a serious medical need, he must then

11  show that prison officials responded to the serious medical need with deliberate indifference.

12  Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials

13  deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in

14  which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94

15  (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard

16  to medical care, however, "the indifference to his medical needs must be substantial.  Mere

17  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

18  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

19  105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and

20  "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer,

21  511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

22         Delays in providing medical care may manifest deliberate indifference.  Estelle,

23  429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in

24  providing care, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d

25  1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332,

26  1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v.

1   Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not

2   show his harm was substantial; however, such would provide additional support for the inmate's

3   claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091,

4   1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

5           Finally, mere differences of opinion between a prisoner and prison medical staff

6   as to proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051,

7   1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez

8   v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

9   1981).

10          Plaintiff is informed that the court cannot refer to a prior pleading in order to

11  make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading. This is because, as a

13  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

14  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

15  longer serves any function in the case. Therefore, in an amended complaint, as in an original

16  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17          Plaintiff has also filed a motion requesting the appointment of counsel. The

18  United States Supreme Court has ruled that district courts lack authority to require counsel to

19  represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296,

20  298 (1989). In certain exceptional circumstances, the district court may request the voluntary

21  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017

22  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present

23  case, the court does not find the required exceptional circumstances at this time. Plaintiff's

24  request for the appointment of counsel will therefore be denied.

25  /////

26  /////

1    Accordingly, IT IS HEREBY ORDERED that:

2    1. Plaintiff's December 1, 2009 application to proceed in forma pauperis (Doc.

3    No. 2) is granted.

4    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5    Plaintiff is assessed an initial partial filing fee of $16.00.  All fees shall be collected and paid in

6    accordance with this court's order to the Director of the California Department of Corrections

7    and Rehabilitation filed concurrently herewith.

8    3. Plaintiff's complaint is dismissed.

9    4. Plaintiff is granted thirty days from the date of service of this order to file an

10   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

11   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

12   docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall

13   use the form complaint provided by the court; failure to file an amended complaint in accordance

14   with this order will result in a recommendation that this action be dismissed without prejudice.

15   5. Plaintiff's December 1, 2009 motion for appointment of counsel

16   (Doc. No. 3) is denied.

17   6. The Clerk of the Court is directed to provide plaintiff with the court's form

18   complaint for a § 1983 action.

19   DATED: December 7, 2009.

20

21

22                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE
23

24   DAD:4
     jaur3329.14
25

26

                                          6