IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE ROBLES JAUREGUI,

    Plaintiff,                          No. CIV S-09-3329 DAD P

    vs.

JERRY W. WEINER, et al.,          ORDER AND

    Defendants.                FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 8, 2009, the court dismissed plaintiff's complaint as deficient and granted him leave to file an amended complaint. Plaintiff filed his amended complaint on March 2, 2010.

        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has held that "§1997e(a) requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." McKinney v. Carey, 311 F.3d 1198,

1

1199-1200 (9th Cir. 2002).  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (""[A] district court must dismiss a case without prejudice 'when there is no presuit exhaustion ,' even if there is exhaustion while suit is pending.")

In his amended complaint, plaintiff asserts that he exhausted the inmate appeal process with respect to the claim he attempt to present here on February 8, 2010, when his appeal at the director's level was denied.  Plaintiff filed this civil rights action on December 1, 2009.  Thus, plaintiff did not exhaust administrative remedies before he commenced this action.  Therefore, the court will recommend that this action be dismissed without prejudice so that plaintiff may file a new action.

On January 8, 2010, plaintiff filed a motion to hold this action in abeyance until he had completed the exhaustion process at the director's level of review.  The motion will be denied as defective.  As the court indicated above, exhaustion of administrative remedies must be completed prior to the filing of a civil rights action.  Therefore, the court lacks authority to grant a stay and abeyance for exhaustion purposes.

On January 25, 2010, plaintiff filed a motion requesting that he be evaluated by an outside physician.  That motion will be denied in light of the court's recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 8, 2010 motion to hold this action in abeyance (Doc. No. 9), is denied as defective;

2. Plaintiff's January 25, 2010 motion to be evaluated by an outside physician (Doc. No. 10), is denied; and

3. The Clerk of the Court is directed to randomly assign this action to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies prior to its filing.  42

1  U.S.C. § 1997e(a)

2         These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4  days after being served with these findings and recommendations, plaintiff may file written

5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

6  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

7  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

8  F.2d 1153 (9th Cir. 1991).

9  DATED: August 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jaur3329.fte